UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:05-cr-00217-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONALD TAMARCUS CLARK, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 51). Since the filing of this motion, both the Supreme Court and Fourth Circuit of Appeals have issued decisions that are arguably applicable to the issues raised by Defendant. See, e.g., Doc. No. 56. Furthermore, under this record, the Court finds that information on Defendant's post-sentencing conduct and rehabilitative efforts while in prison would aid the Court in deciding the instant motion.[1] Accordingly, the Court finds that supplemental briefing is appropriate. Supplemental briefing shall be limited to 1,800 words, excluding any exhibits or attachments. Defendant's supplemental briefing shall be filed no later than January 18, 2023, and the Government shall file a response thereto within fourteen (14) days after service of Defendant's supplemental brief.

IT IS SO ORDERED.

Signed: January 4, 2023

Frank D. Whitney
United States District Judge

---

[1] This information was not provided in Defendant's motion or the Government's opposition brief; and even if it had been included, the Court finds that the duration of time since Defendant filed his motion warrants an update. In other words, in light of applicable law and the Government's concession that Defendant would not be classified as a career offender if he were sentenced today, the Court concludes this information would aid the Court in its analysis. United States v. Lancaster, 997 F.3d 171, 175 (4th Cir. 2021) ("[I]n considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing.").

1